**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-0262-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jimmy Presley Hodge, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion to dismiss the indictment (doc. 32), the United States' response (doc. 76), and defendant's reply (doc. 105). The United States also filed a "supplemental response" (doc. 109).

Defendant has been indicted on two counts: interference with commerce by threats or violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). The latter count is dependent on the former. In this motion, defendant contends that the Hobbs Act count must be rejected because the statute as applied is an unconstitutional exercise of Congress' power under the Commerce Clause.

Briefly, the indictment alleges the following facts. One night in December 2004, defendant was driving in Phoenix with his girlfriend and a male friend when their vehicle ran out of gas. As defendant's girlfriend was walking to a gas station, a taxicab driver, James E. Barker, offered her a ride free of charge. After they got gas, Barker drove defendant's girlfriend back to the stalled vehicle. At that point, defendant entered the taxicab brandishing a weapon with an intent to rob the driver. Defendant shot and killed the driver but fled the scene without taking any money or valuables.

The Hobbs Act criminalizes the conduct of anyone who "obstructs, delays, or affects [interstate] commerce or the movement of any article or commodity in commerce" by extortion, robbery, or threat of violence. 18 U.S.C. § 1951(a). According to defendant, the allegations against him describe an "inherently state court crime which has nothing whatsoever to do with commerce, other than the fact that the victim happens to be a taxicab driver." Motion at 5. Therefore, defendant contends that the United States "wrongfully usurped the commerce power of the Federal Government pursuant to 18 U.S.C. § 1951 in order to charge Defendant in Federal Court." Id.

Defendant relies on United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), in which the Court concluded that Congress exceeded its authority under the Commerce Clause by enacting the Gun Free School Zones Act, "a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise." Id. at 561, 115 S. Ct. at 1630–31. But unlike Lopez, defendant does not, and could not, mount a facial attack on the validity of the Hobbs Act, which specifically criminalizes conduct that "obstructs, delays, or affects commerce." 18 U.S.C. § 1951(a). Thus, the question in this case is whether the Hobbs Act's explicit commerce nexus is satisfied as applied.

In United States v. Rodriguez, 360 F.3d 949 (9th Cir. 2004), the United States Court of Appeals for the Ninth Circuit rejected an "as applied" Commerce Clause attack on a Hobbs Act indictment where the defendant conspired to rob drug traffickers at gunpoint. The court stressed that it is "well-established that the government need only show a de minimis effect on interstate commerce to fulfill the jurisdictional element of the Hobbs Act."

1  Id. at 955; see also United States v. Atcheson, 94 F.3d 1237, 1242 (9th Cir. 1996)
2  (concluding that Lopez does not mandate "substantial effect" on interstate commerce in
3  Hobbs Act cases). According to the court, robbery of an interstate business typically satisfies
4  the jurisdictional element. Rodriguez, 360 F.3d 949, 955. The indictment here alleges that
5  murder was committed in furtherance of a plan to rob an on-duty taxicab driver, which is
6  easily equated with a plan to rob an interstate business. The victim's taxicab transported
7  passengers to Phoenix Sky Harbor Airport, the Arizona/Mexico border, and neighboring
8  states. Response at 2; see also United States v. Isaac, 14 Fed. Appx. 81, 83 (2d Cir. 2001)
9  (concluding "minimal required showing of effect on interstate commerce" was satisfied
10  where defendants planned to rob a taxi business that made trips to the airport).

11  Despite defendant's contentions, the victim did not merely "happen[] to be a taxicab
12  driver." Motion at 5. The victim was killed in the course of his work as a driver. It was his
13  work that put him in harm's way and very possibly his work that made him a target for
14  robbery. The jurisdictional element of the Hobbs Act would be satisfied here even if we
15  concluded that the target of the attack was an individual and not a business. In United States
16  v. Lynch, 282 F.3d 1049 (9th Cir. 2002), the court held that the Hobbs Act's jurisdictional
17  element is satisfied by robbery of an individual, like the victim, who is "directly and
18  customarily engaged in interstate commerce." Id. at 1055.

19  Finally, jurisdiction in this action is supported by United States v. Cortes, 299 F.3d
20  1030 (9th Cir. 2002), in which the court rejected a Commerce Clause attack on a federal
21  carjacking statute, 18 U.S.C. § 2119. Discussing Cortes in a subsequent opinion, the court
22  stated that the "automobile, if anything, is the paradigm of modern interstate commercial
23  activity in the United States." United States v. McCoy, 323 F.3d 1114, 1129 (9th Cir. 2002).
24  Thus, federal criminal laws regarding automobiles may be justified under the Commerce
25  Clause either because the activity in question affects commerce "or because cars are
26  themselves instrumentalities of commerce." Id. (quoting United States v. Oliver, 60
27  F.3d 547. 550 (9th Cir. 1995). Here, the victim's job as a taxicab driver was a key aspect of
28

1  the crime. And crimes perpetrated against on-duty taxicab drivers have an effect on both
2  interstate commerce and the instrumentalities of interstate commerce.
3       Accordingly, **IT IS HEREBY ORDERED DENYING** defendant's motion to
4  dismiss the indictment (doc. 32).
5       DATED this 14th day of August, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge